## CLAY *v.* GAULDING.

4-7721                                    189 S. W. 2d 928

Opinion delivered November 5, 1945.

*Wilson & Wilson,* for appellant.

SMITH, J. The parties to this litigation entered into an undated contract, leasing a five-acre tract of land described as follows:

"Beginning on the west side of Lake Side Public Road 636 feet west of the southwest corner of the southeast quarter of southwest quarter of section 9, township 13 south, range 16 west; thence running west 709 feet; thence north 330 feet; thence east 518 feet to the west side of said Lake Side Public Road, etc., to point of beginning. Excluding the fenced yards and gardens surrounding the two houses that we own."

It was provided that: "This lease is to be valid for 12 months from date with the privilege of renewal for succeeding twelve-month period at $10 per month rental." The lessees agreed "to install running water in the kitchen and an electric light in each of the two rooms of the house owned and occupied by J. B. Clay and his family; and to furnish water and electric lights free of all cost to this house throughout the duration of this lease; and to leave all construction that is on a permanent foundation."

Under the authority of this contract, the lessees made extensive improvements, costing between two and three thousand dollars, necessary and useful in the operation of a tourist camp, and they installed, without expense to the lessors, the utilities for which the contract provided.

The lessors brought this suit in which they prayed judgment for $350, for the breach of the contract, and they prayed also for its cancellation.

The breach of the contract alleged consisted in the entry upon and improper use of the portion of the 5-acre tract which had been excluded from the lease, by tearing down portions of the fence inclosing the garden, and by placing gravel on a portion of the garden, rendering it unfit for gardening purposes.

The relief prayed was denied and from that decree is this appeal, and appellants say in their brief: "We

respectfully submit that appellees have breached the contract, and appellants are entitled to have same canceled, and the decision of the trial court is erroneous and should be reversed and the contract in question canceled.''

Appellants failed to prove, and do not here claim damages, but seek only the cancellation of the lease. This relief was, in our opinion, properly denied.

In an opinion prepared by the chancellor reviewing the testimony it is recited that the testimony is conflicting as to the portion of the garden covered by the lease, and as to whether the portion of the fence torn down had been removed by consent, and the finding was made, ''that the gravel was taken up, as much as could be, and removed to another place, at the instance of the defendant (lessor).''

But, however that may be, no ground for cancellation of the lease was shown. The improper use of the land not covered by the lease would not prevent the use of the portion that was covered by the lease, and this appears to be the relief appellants here seek, inasmuch as they are asking only the cancellation of the lease. Appellants say ''in the instant case damages were waived, by reason of not being able to ascertain the damages at the time of the trial,'' and it is said that another suit is pending to recover damages.

Relief by way of cancellation of the lease was properly denied, and that decree is affirmed, but without prejudice to appellant's right to enjoin the use of the land not covered by the lease, if any, or to recover damages on that account.